IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| GRATO HOLDINGS, INC., an Iowa corporation, and ENERGIQUE, INC., an Iowa corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>JB7, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. _____<br><br><br>COMPLAINT<br>and<br>JURY DEMAND |

Plaintiffs Grato Holdings, Inc. and Energique, Inc., for their causes of action against

Defendant JB7, LLC alleges as follows:

## INTRODUCTION

1.      Plaintiffs bring this lawsuit to protect the substantial goodwill that it has

developed over 20 years through the marketing and sale of products using their distinctive

PHYSICIAN'S CHOICE trademark. Due to this lengthy use, and Plaintiffs substantial

investment in marketing and promotion of the PHYSICIAN'S CHOICE brand, Plaintiffs

trademark has gained a reputation as being a source of very high-quality dietary, nutritional and

vitamin supplements.

2.      The goodwill and reputation for quality that Plaintiffs have worked so hard to

cultivate has been damaged by Defendant's actions. Defendant has used and continues to use its

identical PHYSICIAN'S CHOICE trademarks (the "Infringing Marks"), which are confusingly

similar, indeed identical, to Plaintiffs' PHYSICIAN'S CHOICE trademark, to sell competing

goods to many of the same consumers served by Plaintiffs. Unless Defendant is enjoined from

using its identical Infringing Marks, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiffs.

3.     This action seeks injunctive relief, damages, and other appropriate relief arising from Defendant's willful acts of trademark infringement and unfair competition, as more fully described below.

## JURISDICTION AND VENUE

4.     This is an action for trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This is an action to cancel trademark registrations and refuse trademark applications under Section 37 of the Lanham Act (15 U.S.C. § 1119). This action also includes claims under Iowa law for trademark infringement and unfair competition.

5.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the federal Lanham Act.

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

7.     This Court has personal jurisdiction over Defendant. Defendant's acts of infringement of Plaintiffs' mark were committed in the Southern District of Iowa, within the jurisdiction of this Court. Defendant has advertised its goods under the infringing mark in this state and has transacted business by selling its goods online and through retail stores within this state that offer its products to the public under the Infringing Marks. Defendant has engaged in substantial activity within Iowa and this judicial district and has had substantial contacts there,

having purposefully availed itself of the privilege of conducting activities in the forum.

Defendant has caused injury to Plaintiffs within Iowa and within this judicial district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendant may be found or transacts business in this district and a substantial part of the events giving rise to the Plaintiffs' claims occurred and are continuing to occur in this district.

## PARTIES

9.      Plaintiff Grato Holdings, Inc. is a corporation formed on May 7, 2009, duly organized and existing under the laws of the State of Iowa, with an office and place of business at 201 Apple Blvd., Woodbine, Iowa 51576.

10.      Plaintiff Energique, Inc. is a corporation formed on April 1, 2005, duly organized and existing under the laws of the State of Iowa, with an office and place of business at 201 Apple Blvd., Woodbine, Iowa 51576.  Energique, Inc. is a wholly owned subsidiary of Grato Holdings, Inc.

11.      Defendant JB7, LLC is a limited liability company formed on December 12, 2017, organized and existing under the laws of the State of Delaware, with an office and place of business at 6990 West 38th Ave., Suite 304, Wheat Ridge, Colorado 80033.

## FACTUAL BACKGROUND

### Plaintiffs' PHYSICIAN'S CHOICE Trademark

12.      Plaintiffs, and their predecessors in interest, have been doing business as Energique since 1987, and have for years marketed and provided a variety of dietary supplements, nutritional supplements, vitamin supplements to healthcare professionals and the general public throughout the United States.

3

13.     Since at least as early as 1998, Plaintiffs, and their predecessors in interest, adopted and have continuously used the trademark "PHYSICIAN'S CHOICE" for use in connection with dietary, nutritional and vitamin supplements.

14.     Plaintiffs, and their predecessors in interest, have used the PHYSICIAN'S CHOICE mark in interstate commerce in the United States continuously since at least as early as 2004 in connection with dietary, nutritional and vitamin supplements.

15.     Plaintiffs' trademark is depicted below:



16.     As a result of its widespread, continuous, and exclusive use of the PHYSICIAN'S CHOICE mark to identify its dietary, nutritional and vitamin supplements and Plaintiffs as their source, Plaintiffs own valid and subsisting common law rights to the PHYSICIAN'S CHOICE mark.

17.     Plaintiffs' PHYSICIAN'S CHOICE Mark is distinctive to both the consuming public and Plaintiffs' trade.

18.     Since at least as early as 2004, Plaintiffs', and their predecessors in interest, have expended substantial time, money, and resources marketing, advertising, and promoting the

dietary, nutritional and vitamin supplements sold under the PHYSICIAN'S CHOICE mark in interstate commerce, including through online sales, brick and mortar retail and through the integrative & natural practitioners through whom Plaintiffs sell their dietary, nutritional and vitamin supplements.

19.    The PHYSICIAN'S CHOICE mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiffs, their quality products, and their goodwill. The consuming public recognizes the PHYSICIAN'S CHOICE trademark and associates it with Plaintiffs.

20.    The dietary, nutritional and vitamin supplements Plaintiffs offer under the PHYSICIAN'S CHOICE Mark are of high quality.

21.    Plaintiff, Energique, Inc., is the owner of an application with the USPTO to register the mark PHYSICIAN'S CHOICE (Serial. No. 98/494,765) in connection with "Dietary supplements; Nutritional supplements; Vitamin supplements" in Class 5.

**Defendant's Infringement**

22.    On or around March 2017, without seeking Plaintiffs' consent, Defendant launched a supplement company using the identical PHYSICIAN'S CHOICE trademark (the "Infringing Marks").

23.    Defendant owns and uses the domain www.physicianschoice.com to operate an online supplement store.

24.    Through the online store, Defendant promotes and sells supplements under the Infringing Marks throughout the United States, including in the Southern District of Iowa.

25.    Defendant also advertises and sells its products through numerous third parties.

26.     For instance, Defendant's website promotes that its products are available to purchase at such retailers as Amazon, Walmart, CVSHealth, Target, and Sam's Club, all of which sell products throughout the United States, including in the Southern District of Iowa.

27.     Defendants also advertise their online store, as well as their products bearing the Infringing Marks, on various social media platforms, such as Facebook, Instagram, Pinterest and X (previously Twitter) ("Infringing Social Media Accounts"). Indeed, on each platform, Defendants prominently display the Infringing Marks and direct consumers to the www.physicianschoice.com website.

28.     Consumers have purchased products bearing the Infringing Marks.

29.     Examples of the supplements that Defendant has sold to consumers using the Infringing Marks are shown below:

**FEATURED COLLECTIONS**



DIGESTIVE HEALTH AND PROBIOTICS
SHOP NOW



ALL PRODUCTS
SHOP NOW



WEIGHT MANAGEMENT
SHOP NOW

30.     In light of Plaintiffs' renown and long history of providing goods under the PHYSICIAN'S CHOICE mark, Plaintiffs are understandably concerned that consumers will likely be confused and mistakenly believe that Defendant and its goods and/or services are endorsed, approved, or sponsored by, or affiliated, connected, or associated with Plaintiffs.

31.     On information and belief, Defendant intentionally adopted the Infringing Marks to offer its goods to capitalize on Plaintiffs' success., in whole or in part.

32.     By using the Infringing Marks, Defendant has reaped and continues to reap the benefits of Plaintiffs' reputation and goodwill based on consumer confusion, all to Plaintiffs' detriment.

33.     On January 17, 2018, without seeking Plaintiffs' consent, Defendant intentionally filed a trademark application (Serial. No. 87/758390) with the U.S. Patent and Trademark Office ("USPTO") to register the mark PHYSICIAN'S CHOICE (with a design), which registered on August 21, 2018 (Reg. No. 5,545,233) in connection with "Dietary supplements; Nutritional supplements; Vitamin supplements" in Class 5.

34.     On August 23, 2018, without seeking Plaintiffs' consent, Defendant again intentionally filed a trademark application (Serial. No. 88/090304) with the USPTO to register the mark PHYSICIAN'S CHOICE, which registered on February 19, 2019 (Reg. No. 5,680,712) in connection with "Dietary supplements; Nutritional supplements; Vitamin supplements" in Class 5.

35.     On June 10, 2020, without seeking Plaintiffs' consent, Defendant again intentionally filed a trademark application (Serial. No. 88/957369) with the USPTO to register the mark PC (with a design), which registered on September 28, 2021 (Reg. No. 6,503,413) in connection with "Dietary supplements; Nutritional supplements; Probiotic supplements; Vitamin supplements" in Class 5.

36.     On May 2, 2023, without seeking Plaintiffs' consent, Defendant again intentionally filed additional applications with the USPTO to register the marks PC PHYSICIAN'S CHOICE DOCTOR APPROVED FORMULA NO REFRIGERATION

NECESSARY (Serial. No. 97/916734) and PC PHYSICIAN'S CHOICE DOCTOR APPROVED
FORMULA NO REFRIGERATION NECESSARY (with a design) (Serial. No. 97/916740),
both in connection with "Dietary supplements" in Class 5.

37.     On November 20, 2023, without seeking Plaintiffs' consent, Defendant again
intentionally filed additional applications with the USPTO to register the marks PHYSICIAN'S
CHOICE (with a design) (Serial. No. 98/277881), PHYSICIAN'S CHOICE (with a design)
(Serial. No. 98/277879) and P (with a design) (Serial. No. 98/277869), all in connection with
"Dietary supplements" in Class 5.

38.     Defendant's trademark registrations identified in Paragraphs 33-35 are
collectively referred to as the "Infringing Registrations."

39.     Defendant's trademark applications identified in Paragraphs 36-37 are
collectively referred to as the "Infringing Applications."

40.     In an effort to remedy, at least in part, the harm being caused by Defendant's
actions, on August 18, 2023, Plaintiff, Grato Holdings, filed a Petition for Cancellation before
the USPTO's Trademark Trial and Appeal Board ("TTAB") against Defendant's Reg. Nos.
5,545,233 and 5,680,712 (Cancellation No. 92083070). Defendant filed an answer to the
cancellation, and this action is currently pending before the TTAB.

41.     Plaintiffs have attempted without success to reconcile its concerns with Defendant
regarding Defendant's use of the Infringing Marks, the Infringing Registrations and the
Infringing Applications. However, Defendant has refused to meaningfully engage in negotiations
toward the end of eliminating, or at least mitigating, consumer confusion caused by the use of its
Infringing Marks.

42.     Given Defendant's failure to respond to Plaintiffs' concerns, Defendant's continuing use of the Infringing Marks, and Defendant's determination to cause further consumer confusion, Plaintiffs are forced to bring this suit to fully resolve the trademark issues between the parties and protect consumers from being further confused and misled by reason of Defendant's actions and conduct.

### Plaintiffs are Harmed By Defendant's Ongoing Infringement

43.     Defendant's continued use of the identical Infringing Marks in commerce violates Plaintiffs' valuable intellectual property rights in the PHYSICIAN'S CHOICE mark, and Defendant's knowing, intentional, willful, and malicious use of the Infringing Marks is damaging to Plaintiffs.

44.     Defendant has used the Infringing Marks to unfairly usurp and capitalize on the value and goodwill of the Plaintiffs' PHYSICIAN'S CHOICE mark. Defendant is aware of Plaintiffs' strong trademark rights and reputation in the marketplace, but nevertheless, uses the Infringing Marks to profit from the goodwill associated with the Plaintiffs' PHYSICIAN'S CHOICE mark.

45.     Defendant has intentionally and knowingly capitalized off of the inevitable confusion between Plaintiffs' PHYSICIAN'S CHOICE mark and the Infringing Marks, including by providing goods that are similar, indeed nearly identical, to the goods offered by Plaintiffs.

46.     Due to Defendant's continuing willful infringement and unlawful conduct, Plaintiffs are now forced to bring this Complaint to protect its valuable and longstanding intellectual property rights.

**FIRST CAUSE OF ACTION**

**FEDERAL TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

47.     Plaintiffs reallege and incorporate by reference the allegations above, as though fully set forth herein.

48.     As its first ground for relief, Plaintiffs allege federal trademark infringement and unfair competition under Section 40(A) of the Lanham Act, 15 U.S.C. § 1125(a).

49.     Plaintiffs are the senior user of the PHYSICIAN'S CHOICE trademark, as it began use of the trademark in interstate commerce prior to Defendant's first use of the confusingly similar, indeed identical, Infringing Marks.

50.     Notwithstanding Plaintiffs' established rights in the trademark PHYSICIAN'S CHOICE, Defendant adopted and used the confusingly similar, indeed identical, Infringing Marks in interstate commerce in connection with the sale and offering for sale of similar or identical dietary supplements.

51.     Without Plaintiffs' consent, Defendant has used and continues to use the Infringing Marks in connection with the sale, offering for sale, distribution, or advertising of its goods.

52.     Upon information and belief, Defendant has engaged in its infringing activity despite having actual knowledge of Plaintiffs' long-established use of the PHYSICIAN'S CHOICE mark in connection with the sale, offering for sale, distribution and advertising of its similar or identical goods.

53.     Defendant's actions are likely to mislead the public into concluding that its goods originate with or are authorized by Plaintiffs, which will damage both Plaintiffs and the public.

Plaintiffs have no control over the quality of goods sold by Defendant and, because of the source confusion caused by Defendant, Plaintiffs have lost control over its valuable goodwill.

54. Upon information and belief, Defendant has advertised and offered its goods for sale using the Infringing Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and goodwill. Defendant's use of its Infringing Marks constitutes willful, deliberate, and intentional trademark infringement.

55. Defendant's unauthorized use of the Infringing Marks in interstate commerce as described above constitutes trademark infringement and unfair competition under 15 U.S.C. § 1125(a) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

56. Defendant's unauthorized marketing and sale of its products in interstate commerce using its Infringing Marks constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's products as originating from or connected with Plaintiffs in violation of 15 U.S.C. § 1125(a). The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

57. As a direct and proximate result of Defendant's trademark infringement and acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

58. Defendant's trademark infringement and acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendant is not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

### SECOND CAUSE OF ACTION

### IOWA COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

59.　Plaintiffs reallege and incorporate by reference the allegations above, as though fully set forth herein.

60.　Defendant's conduct as alleged above constitutes trademark infringement and unfair competition in violation of the common law of the State of Iowa.

61.　Defendant's trademark infringement and unfair competition as alleged above have injured Plaintiffs in that Plaintiffs have suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct. In addition, Defendant has been unjustly enriched by reason of its trademark infringement and unfair competition in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

62.　Unless enjoined by this Court, Defendant's trademark infringement and unfair competition as herein alleged will continue to cause irreparable and inherently unquantifiable injury and harm to Plaintiffs' business, reputation, and goodwill.

63.　Defendant's wrongful conduct as above alleged was accompanied by circumstances of willfulness and deliberate indifference to the rights of Plaintiffs, warranting the assessment of punitive damages.

### THIRD CAUSE OF ACTION

### CANCELLATION OF TRADEMARK REGISTRATIONS (15 U.S.C. § 1119)

64.　Plaintiffs reallege and incorporate by reference the allegations above, as though fully set forth herein.

65.     Plaintiffs have valid and protectable rights in Plaintiffs' PHYSICIAN'S CHOICE trademark substantially prior to Defendant's Infringing Registrations.

66.     Plaintiffs have not authorized Defendant to use, apply to register, or register any mark substantially the same as or nearly identical to Plaintiffs' PHYSICIAN'S CHOICE trademark.

67.     Defendant's unauthorized use and registration of the Infringing Registrations for goods related to those offered by Plaintiffs is likely to cause consumers to believe that there is a relationship between Defendant and Plaintiffs and/or that Defendant's products are associated with or come from Plaintiffs.

68.     As a direct and proximate result of Defendant's unauthorized registrations for the Infringing Registrations, Plaintiffs are now, and will be, irreparably injured and damaged by Defendant's aforementioned registrations, and unless the registrations are cancelled by order of the Court, Plaintiffs will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## REFUSAL OF TRADEMARK APPLICATIONS (15 U.S.C. § 1119)

69.     Plaintiffs reallege and incorporate by reference the allegations above, as though fully set forth herein.

70.     Plaintiffs have valid and protectable rights in Plaintiffs' PHYSICIAN'S CHOICE trademark substantially prior to Defendant's Infringing Applications.

71.     Plaintiffs have not authorized Defendant to use, apply to register, or register any mark substantially the same as or nearly identical to Plaintiffs' PHYSICIAN'S CHOICE trademark.

72.     Defendant's unauthorized use, application, and attempted registration of the

Infringing Applications for goods related to those offered by Plaintiffs are likely to cause

consumers to believe that there is a relationship between Defendant and Plaintiffs and/or that

Defendant's products are associated with or come from Plaintiffs.

73.     As a direct and proximate result of Defendant's unauthorized applications for the

Infringing Applications, Plaintiffs are now, and will be, irreparably injured and damaged by

Defendant's aforementioned applications, and unless the applications are refused by order of the

Court, Plaintiffs will suffer further harm to its name, reputation, and goodwill. This harm

constitutes an injury for which Plaintiffs have no adequate remedy at law.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiffs respectfully request that this

Court enter an Order granting it the following relief:

(A)     Entering a judgment that Plaintiffs' PHYSICIAN'S CHOICE trademark has been

and continues to be infringed by Defendant in violation of 15 U.S.C. § 1125(a);

(B)     Entering a judgment that Defendant's use of its PHYSICIAN'S CHOICE

trademarks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

(C)     Entering a judgment that Defendant's use of its PHYSICIAN'S CHOICE

trademarks constitutes common law trademark infringement and common law unfair competition

under Iowa law;

(D)     Permanently enjoining and restraining the Defendant and each of its agents,

representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in

privity or active concert or participation with any of them from using the trademark

PHYSICIAN'S CHOICE, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's products where that designation would create a likelihood of confusion, mistake or deception with Plaintiffs' PHYSICIAN'S CHOICE trademark;

(E)     Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(F)     Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

(G)     Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its PHYSICIAN'S CHOICE trademark mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiffs' mark, including, but not limited to, the Infringing Applications, and ordering cancellation of any such registrations previously granted to Defendant, including the Infringing Registrations;

(H)     Ordering Defendant to transfer the www.physicianschoice.com domain name to Plaintiffs;

(I)     Awarding Plaintiffs all damages they have sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

(J)     Awarding Plaintiffs all damages they have sustained as a result of Defendant's acts of infringement and unfair competition, together with an appropriate award of punitive or exemplary damages sufficient to punish and deter Defendant from future like conduct, pursuant to the laws of the State of Iowa;

(K)     Awarding Plaintiffs all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

(L)     Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

(M)     Granting Plaintiffs such other and further relief as the Court may deem just and equitable in the premises.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: April 11, 2024


Respectfully submitted,

/s/ Scott L. Long
Scott L. Long, AT0004881
Law Office of Scott L. Long, P.C.
541 31st Street, Suite A
Des Moines, Iowa 50312
Tel: (515) 279-2052
Email: sll@longgilliam.com

Michael J. Kosma, CO Bar No.: 55992 *pro hac vice forthcoming*
Sherman & Howard L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Tel: (303) 297-2900
Fax: (303) 298-0940
Email: mkosma@shermanhoward.com
Email: trademarks@shermanhoward.com

Daniel W. Roberts, CO Bar No 28088 *pro hac vice forthcoming*
Law Offices of Daniel W. Roberts, LLC
904 Topaz Street
Superior, CO 80027
Tel: (720) 304-3026
Email: dan@robertsiplegal.com


Attorneys for Plaintiffs